Lauren B. Cohen, Bar No. 285018
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: 650.838.4300
Facsimile:  650.838.4350
Email:  LCohen@perkinscoie.com

William C. Rava (*pro hac vice application to follow*)
Holly M. Simpkins (*pro hac vice application to follow*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  WRava@perkinscoie.com
HSimpkins@perkinscoie.com

Attorneys for Plaintiff Hikari Sales USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIKARI SALES USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SPECTRUM BRANDS HOLDINGS, INC., a Delaware corporation; UNITED PET GROUP, INC., a Delaware corporation; COBALT INTERNATIONAL, INC., a South Carolina corporation; ELIVE LLC, a Wisconsin limited liability company,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br>**(2) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>**(3) CALIFORNIA STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, *et seq.*);**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Hikari Sales USA, Inc. ("Hikari") alleges as follows:

## PARTIES

1.      Plaintiff Hikari Sales USA, Inc. is a California corporation that, among other things, markets and sells innovative fish food bearing the ALGAE WAFERS and SINKING

1  WAFERS marks for bottom-feeding fish.  Hikari has a place of business at 2804 McCone

2  Avenue, Hayward, California 94545.

3      2.     On information and belief, Defendant Spectrum Brands Holdings, Inc.

4  ("Spectrum) is a Delaware corporation and has a place of business at 3001 Deming Way,

5  Middleton, Wisconsin 53562.

6      3.     On information and belief, Defendant United Pet Group, Inc. ("United Pet") is a

7  Delaware corporation, has a place of business at 7794 Five Mile Road, Suite 190, Cincinnati,

8  Ohio 45230 and is a wholly-owned subsidiary of Spectrum.  United Pet and Spectrum are referred

9  to hereinafter as the "Spectrum Defendants."

10      4.     On information and belief, Cobalt International, Inc. ("Cobalt") is a South

11  Carolina corporation and has a place of business at 624 Wilkerson Road, Rock Hill, South

12  Carolina 29730.

13      5.     On information and belief, Elive LLC ("Elive") is a Wisconsin limited liability

14  company and has a place of business at 2725 S. Moorland Road, Suite 102, New Berlin,

15  Wisconsin 53151.

16  **JURISDICTION AND VENUE**

17      6.     This Court has subject matter jurisdiction over the claims asserted herein pursuant

18  to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark), 1338(b) (related unfair

19  competition) and 1367 (supplemental jurisdiction).

20      7.     This Court has personal jurisdiction over Defendants, as the tortious conduct

21  alleged in this Complaint took place in this District, Defendants knew or reasonably should have

22  known that their conduct alleged in this Complaint would cause injury to Hikari in this District,

23  and Defendants sell products in and/or have distributed products to this District bearing the

24  infringing marks.

25      8.     Venue is proper under 28 U.S.C. § 1391 in that the claims arose in this District,

26  Hikari is suffering harm in this District, and Defendants are subject to personal jurisdiction in this

27  District.

28

-2-
         COMPLAINT

1

**INTRADISTRICT ASSIGNMENT**

2      9.      This is an Intellectual Property Action to be assigned on a district-wide basis under

3   Civil Local Rule 3-2(c).

4

**HIKARI, ITS BUSINESS AND**

5

**ITS INTELLECTUAL PROPERTY RIGHTS**

6      10.     Hikari sells premium aquatic diets developed from over a century of exploring the

7   natural habitats of fish, breeding fish, producing food for fish and researching the impact of that

8   food on fish. Hikari has leveraged its unique insights into the nutritional needs of fish to produce

9   diets that not only maintain the health of fish, but assist their owners in keeping their aquariums

10   and ponds in top form. Hikari promotes and sells its high-quality products throughout the United

11   States.

12      11.     Among the innovative products marketed and sold by Hikari is a sinking fish food

13   for hard-to-feed plecostomus and other bottom-feeding fish. This fish food product is marketed

14   and sold under the ALGAE WAFERS mark. An example of Hikari's use of the ALGAE

15   WAFERS mark is below:



12.     Hikari was the first company to offer a disc-shaped sinking fish food product for

28   hard-to-feed plecostomus and other bottom-feeding fish.

13.     Hikari began using the ALGAE WAFERS mark in commerce at least as early as October 1991.

14.     Hikari's ALGAE WAFERS fish food product has been and is regarded as top of the line among fish food products for hard-to-feed plecostomus and other bottom-feeding fish.

15.     Since its first use, Hikari has continuously used the ALGAE WAFERS mark in connection with its fish food products.

16.     Hikari has invested substantial resources in marketing, advertising and distributing its fish food products under the ALGAE WAFERS mark.

17.     Since November 1996, Hikari has sold more than 11 million packages of sinking fish food under the ALGAE WAFERS mark.

18.     Hikari has attained substantial goodwill and strong recognition in the ALGAE WAFERS mark and that mark has come to be associated with Hikari.

19.     The ALGAE WAFERS mark has acquired secondary meaning.

20.     Through its nationwide use and promotion of the ALGAE WAFERS mark, Hikari has established strong rights in the ALGAE WAFERS mark and that mark is entitled to protection.

21.     At the U.S. Patent and Trademark Office ("USPTO"), Hikari has an application for registration on the Principal Register for the mark ALGAE WAFERS (Serial No. 86,439,012). Trademark Status & Document Retrieval records for that application are attached hereto as Exhibit A.

22.     Hikari offers fish food products under a number of other marks, including the SINKING WAFERS mark.

23.     Hikari owns USPTO Registration No. 2,455,563 for the SINKING WAFERS mark.  A copy of the registration for Hikari's SINKING WAFERS mark is attached hereto as Exhibit B.

24.     Since 1992, Hikari has used the SINKING WAFERS mark in connection with food for bottom-feeding fish.  An example of Hikari's use of the SINKING WAFERS mark is below:

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12



### THE SPECTRUM DEFENDANTS' INFRINGING ACTIVITY

13
14
15
16

    25.    On information and belief, in or about May 2011, the Spectrum Defendants began offering fish food products that prominently featured Hikari's ALGAE WAFERS and SINKING WAFERS marks. An example of the Spectrum Defendants' packaging featuring Hikari's ALGAE WAFERS and SINKING WAFERS marks is below:

17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT

26.    Immediately after the introduction of the Spectrum Defendants' fish food product bearing the ALGAE WAFERS and SINKING WAFERS marks, Hikari's sales of its ALGAE WAFERS product declined.

27.    The Spectrum Defendants also offer another product prominently featuring Hikari's ALGAE WAFERS and SINKING WAFERS marks.  An example of the Spectrum Defendants' packaging for that product is below:



28.    Prior to their use of the ALGAE WAFERS and SINKING WAFERS marks, the Spectrum Defendants were aware of Hikari's ALGAE WAFERS and SINKING WAFERS marks.

29.    The Spectrum Defendants' use of the ALGAE WAFERS and SINKING WAFERS marks for competing products is likely to cause and has caused consumer confusion.

30.    Hikari has demanded that the Spectrum Defendants cease their infringing activity but they have refused to do so.

31.    The Spectrum Defendants' use of Hikari's ALGAE WAFERS and SINKING WAFERS marks in association with the marketing and sale of fish food products is likely to continue to cause confusion, mistake, or deception as to the source of those products.

32.     Furthermore, the Spectrum Defendants' use of Hikari's ALGAE WAFERS and SINKING WAFERS marks creates mistaken impressions as to the affiliation, connection, or association of the Spectrum Defendants with Hikari and/or that the Spectrum Defendants' products are sponsored by, affiliated with, or in some way connected with Hikari.

33.     Hikari's remedies at law are not adequate to compensate Hikari for the injury caused by the Spectrum Defendants' continued use of the ALGAE WAFERS and SINKING WAFERS marks, as Hikari is entitled to control the use of the ALGAE WAFERS and SINKING WAFERS marks in association with fish food products to prevent the likelihood that consumers may be confused, mistaken or deceived into believing that the products offered in association with that mark originate from Hikari, or are endorsed by, sponsored by, affiliated with, or in some way connected to Hikari when they are, in fact, not.

34.     The Spectrum Defendants have been and are on notice that the marketing and sale of fish food products bearing the ALGAE WAFERS and SINKING WAFERS marks violates Hikari's exclusive rights in the ALGAE WAFERS and SINKING WAFERS marks. Accordingly, the Spectrum Defendants' continued acts of infringement are willful.

## INFRINGING ACTIVITY OF DEFENDANTS COBALT & ELIVE

35.     On information and belief, in or about March 2012, Cobalt began offering a fish food product bearing Hikari's ALGAE WAFERS mark. An example of Cobalt's packaging featuring Hikari's ALGAE WAFERS mark is below:



36.     On information and belief, in or about March 2014, Elive began offering a fish food product bearing Hikari's ALGAE WAFERS mark and a mark strikingly similar to Hikari's SINKING WAFERS mark (SINKING WAFER).  An example of Elive's packaging featuring Hikari's ALGAE WAFERS mark and the confusingly similar SINKING WAFER mark is below:



37.     On information and belief, prior to their use of the ALGAE WAFERS mark, Cobalt and Elive were aware of Hikari's ALGAE WAFERS mark.  Further, on information and belief, prior to its use of the SINKING WAFERS mark, Elive was aware of Hikari's SINKING WAFERS mark.

38.     Hikari has demanded that Cobalt and Elive cease their infringing activity, but they both have refused to do so.

39.     Cobalt's and Elive's use of Hikari's ALGAE WAFERS mark in association with the marketing and sale of fish food products is likely to cause confusion, mistake, or deception as to the source of those products.

40.     Furthermore, Cobalt's and Elive's use of Hikari's ALGAE WAFERS mark creates mistaken impressions as to the affiliation, connection, or association of Cobalt and/or Elive with Hikari and/or that Cobalt's and Elive's products are sponsored by, affiliated with, or in some way connected with Hikari.

41. Elive's use of the confusingly similar SINKING WAFER mark in association with the marketing and sale of fish food products is likely to cause confusion, mistake, or deception as to the source of those products.

42. Elive's use of the confusingly similar SINKING WAFER mark creates mistaken impressions as to the affiliation, connection, or association of Elive with Hikari and/or that Elive's products are sponsored by, affiliated with, or in some way connected with Hikari.

43. Hikari's remedies at law are not adequate to compensate Hikari for the injury caused by Cobalt's and Elive's continued use of the ALGAE WAFERS and/or SINKING WAFER marks, as Hikari is entitled to control the use of the ALGAE WAFERS and SINKING WAFERS marks and marks confusingly similar to those marks in association with fish food products to prevent the likelihood that consumers may be confused, mistaken or deceived into believing that the products offered in association with that mark originate from Hikari, or are endorsed by, sponsored by, affiliated with, or in some way connected to Hikari when they are, in fact, not.

44. Cobalt and Elive have been and are on notice that the marketing and sale of products bearing the ALGAE WAFERS mark and/or marks confusingly similar to the SINKING WAFERS mark violates Hikari's exclusive rights in the ALGAE WAFERS and SINKING WAFERS marks. Accordingly, their continued acts of infringement are willful.

## CLAIMS FOR RELIEF

## COUNT 1 – FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. § 1125(a))

45. Hikari alleges and incorporates by reference the allegations in the paragraphs above.

46. Hikari has acquired strong common law rights in the ALGAE WAFERS mark.

47. Defendants' actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representations of fact that are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants' products with Hikari, or as to the origin, sponsorship, or approval of

the goods provided by Defendants in violation of 15 U.S.C. § 1125(a).  Defendants' actions are also likely to cause confusion or mistake, or to deceive consumers into believing that Hikari's products are associated with or originate from Defendants, in violation of 15 U.S.C. § 1125(a).

48.    Defendants knew or should have known of Hikari's rights, and Defendants' false designation of origin has been knowing, willful and deliberate, such that the Court should award Hikari its attorneys' fees pursuant to 15 U.S.C. § 1117.

49.    Hikari has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.  Hikari therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

50.    Defendants' acts have damaged, and threaten to continue damaging, Hikari's reputation and goodwill.

## **COUNT 2 – TRADEMARK INFRINGEMENT**

### **(*15 U.S.C. § 1114*)**

51.    Hikari alleges and incorporates by reference the allegations in the paragraphs above.

52.    The Spectrum Defendants' and Elive's activities constitute infringement of Hikari's federally registered SINKING WAFERS trademark in violation of 15 U.S.C. § 1114(1).

53.    Because of Hikari's long, continuous, and exclusive use of the SINKING WAFERS mark, it has come to mean, and is understood by consumers to signify products of Hikari.

54.    The Spectrum Defendants' use of Hikari's SINKING WAFERS mark and Elive's use of a mark confusingly similar to the SINKING WAFERS mark in connection with the sale, offering for sale, distribution and advertising of fish food products is  likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

55.    Further, the Spectrum Defendants' and Elive's activities are likely to lead consumers to conclude, incorrectly, that the infringing products that these Defendants are advertising, marketing, distributing and/or selling originate with or are authorized by Hikari, to the damage and harm of Hikari.

COMPLAINT

56.     The Spectrum Defendants and Elive knew or should have known of Hikari's rights, and their infringement has been knowing, willful and deliberate, such that the Court should award Hikari its attorneys' fees pursuant to 15 U.S.C. § 1117.

57.     Hikari has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms.  Hikari therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

58.     The Spectrum Defendants' and Elive's acts have damaged, and threaten to continue damaging, Hikari's reputation and goodwill.

## COUNT 3 – CALIFORNIA UNFAIR COMPETITION
### (*CAL. BUS. & PROF. CODE §§ 17200, et seq.*)

59.     Hikari alleges and incorporates by reference the allegations in the paragraphs above.

60.     Defendants have engaged in unlawful, unfair or fraudulent business practices or acts as described above that have injured and will continue to injure Hikari in its business and property, in violation of California Business and Professions Code §§ 17200, *et seq.*

61.     The foregoing acts have damaged and irreparably harmed Hikari and will continue to do so if not enjoined.

## COUNT 4 – COMMON LAW TRADEMARK INFRINGEMENT

62.     Hikari alleges and incorporates by reference the allegations in the paragraphs above.

63.     Defendants' actions constitute an unauthorized reproduction, counterfeit, copy, or colorable imitation of the ALGAE WAFERS and SINKING WAFERS marks in connection with the sale, distribution, offering for sale, or advertising of their goods or services which is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods or services are provided by Hikari, are associated or connected with Hikari, or have the sponsorship, endorsement, or approval of Hikari, in violation of the common law.

## PRAYER FOR RELIEF

Wherefore, Hikari prays for relief as follows:

A.      An order permanently enjoining Defendants, their agents, servants, officers, employees and all persons in active concert or participation with them from (a) using in any matter whatsoever Hikari's ALGAE WAFERS and SINKING WAFERS marks, or any confusingly similar mark, logo, trade name, domain name or other source identifier, in connection with Defendants' fish food products; (b) violating, inducing or enabling others to violate Hikari's trademark rights in any manner whatsoever; and (c) unfairly competing with Hikari in any manner whatsoever;

B.      Judgment in Hikari's favor against Defendants for federal and common law trademark infringement and state unfair competition;

C.      Hikari's damages against the Spectrum Defendants, in an amount to be proven at trial;

D.      That Hikari be awarded pre-judgment and post-judgment interest on all damages awarded against the Spectrum Defendants;

E.      That Hikari be awarded its costs, expenses, and reasonable attorneys' fees;

F.      Such other and further relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Hikari hereby demands a trial by jury of all issues so triable.

COMPLAINT

DATED: November 13, 2014

**PERKINS COIE** LLP

By: _____

Lauren B. Cohen, Bar No. 285018
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350
Email: LCohen@perkinscoie.com

AND

William C. Rava (*pro hac vice application to follow*)
Holly M. Simpkins (*pro hac vice application to follow*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: WRava@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF
HIKARI SALES USA, INC.**

-13- COMPLAINT